## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

RONDELL T. NEWSON )
)
    Plaintiff, )
)
                    ) Civil Action No.2:26-cv-00050
)
v. )
) Hon.
SUFFOLK CONSTRUCTION )
COMPANY, INC., a foreign )
profit corporation, )
)
    Defendant. )
)
)
_____ /

### DEFENDANT SUFFOLK CONSTRUCTION COMPANY, INC.'S NOTICE AND PETITION FOR REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Suffolk Construction Company, Inc. (hereinafter referred to as "Defendant" or "Suffolk"), hereby gives notice of removal of this action from the 20th Judicial Circuit in and for Lee County in which it is now pending with Case No. 25-CA-00642 to the United States District Court for the Middle District of Florida. As grounds for removal, Defendant avers as follows:

1.     <u>State Court Action</u>.  On or about December 11, 2025, *pro se* Plaintiff Rondell T. Newson ("Plaintiff") commenced an action against Suffolk, entitled *Rondell T. Newson v. Suffolk Construction Co.,* Case No. 25-CA-00642, in the 20th

Judicial Circuit in and for Lee County, State of Florida (the "Lawsuit"). Suffolk's Registered Agent received a copy of Plaintiff's Summons (**Exhibit A)** and Complaint (**Exhibit B)** via personal service on December 11, 2025. Defendant filed its Answer and Affirmative and Other Defenses to Plaintiff's Complaint (**Exhibit C)** on January 9, 2026.

2.    <u>Plaintiff's Federal and State Law Claims</u>. Plaintiff generally alleges that Suffolk: (a) discriminated against and harassed him on the basis of his race and retaliated against him in violation of §760.10 of the Florida Civil Rights Act (the "Florida Civil Rights claims"); (b) discriminated against and harassed him on the basis of his race and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. (the "Title VII claims"); and (c) interfered with his rights under the Family and Medical Leave Act ("FMLA") and retaliated against him for exercising those rights (the "FMLA claims"). [1]

3.    <u>Federal Question Jurisdiction</u>.  This Court has original federal question jurisdiction over Plaintiff's Title VII and FMLA claims pursuant to 28 U.S.C. § 1331, because the actions arise under the Constitution, laws or treaties of the United States.

---

[1] Plaintiff does not identify the statutes under which he brings the harassment claims, but presumably he is bringing them under Title VII and the Florida Civil Rights Act, just like his discrimination and retaliation claims.

4.      <u>Removal of Federal Claims</u>.  Plaintiff's Title VII and FMLA claims, over which this Court has original jurisdiction, may be removed to this Court by <u>Defendant pursuant to 28 U.S.C. § 1441</u>: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5.      <u>Supplemental Jurisdiction</u>. This Court has supplemental jurisdiction over Plaintiff's Florida Civil Rights claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to the federal Title VII claims that they form part of the same case or controversy.  *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,* 701 F.3d 669, 679 (11th Cir. 2012); and they derive from a common nucleus of operative facts relating to allegations of retaliation and harassment and discrimination on the basis of Plaintiff's race.  *Silas v. Sheriff of Broward Cnty.,* 55 F.4th 863, 865 (11th Cir. 2022).

6.      <u>Removal of State Law Claims.</u>  Plaintiff's state law claims, over which this Court has supplemental jurisdiction, are removable to this Court pursuant to 28 USC § 1441(c)(1): "If a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States . . .  and (B) a claim not within the

SUFFOLK
Legal Department
426 Clematis Street, W. Palm Beach, Florida 33401
Telephone: 561.282-3000 · Fax 561.273-1805

original or supplemental jurisdiction of the district court . . . the entire action may be removed if the action would be removable without the inclusion of the claim . . . ."

7.      <u>State Court Documents Attached</u>.  The attached Complaint, together with the Summons, and Defendant's Answer and Affirmative and Other Defenses constitute all process, pleadings and orders served on to date. *See* Lee County Circuit Court Docket Sheet, **Exhibit D.**

8.      <u>Notice of Removal</u>. As this Notice of Removal is being filed within thirty (30) days of Defendant's receipt of the Complaint, this removal is timely under 28 U. S .C. § 1446(b).

9.      <u>Notice to Plaintiff in State Court</u>. Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and a true and correct copy of this Notice of Removal will be filed with the Clerk of the 20th Judicial Circuit in and for Lee County, State of Florida as soon as practicable, in accordance with 28 U.S.C. § 1446(d). *See* Defendant's Notice of Filing Notice of Removal attached hereto as **Exhibit E**.

10.      <u>Removal</u>.  This lawsuit is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, which provide for removal of any civil action in which the United States District Court has original and supplemental jurisdiction over the asserted claims. Defendant respectfully gives notice that this action is hereby

removed from the 20th Judicial Circuit in and for Lee County, State of Florida, to the

United States District Court for the Middle District of Florida.

**WHEREFORE**, Defendant Suffolk Construction Company, Inc. removes

this action from the 20th Judicial Circuit in and for Lee County, State of Florida, to

the United States District Court for the Middle District of Florida.

Dated: January 12, 2026

Respectfully submitted,

Suffolk Construction Company, Inc. Legal
Department
426 Clematis Street
West Palm Beach, Florida 33401
Telephone: (561) 282-3000
Facsimile: (561) 273-1805
jdiaz@suffolk.com
eservice@suffolk.com

By: /s/ Juan Diaz
Juan Diaz, Esq.
Florida Bar Number 0075345
*(Counsel for Suffolk)*

*Newson vs. Suffolk 2*
*EEOC*

*Case No.: 2025-CA-006402*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 12th day of January 2026.

<u>/s/ Juan Diaz</u>
*Juan Diaz*

**SUFFOLK**
Legal Department
426 Clematis Street, W. Palm Beach, Florida 33401
Telephone:  561.282-3000 · Fax 561.273-1805